UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HALL,

              Plaintiff,             CIVIL ACTION NO. 10-CV-13274

    vs.

                                     DISTRICT JUDGE GERALD E. ROSEN

SHERI L. BURT, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

            Defendants.
_____/

## REPORT AND RECOMMENDATION

I.    **RECOMMENDATION:**  This Court recommends that the Motion for Summary Judgment filed by Defendants Sherry Burt, Robin Stephens and Russell Prince (docket no. 11) be construed as a Motion for Partial Summary Judgment.  The motion should be **GRANTED** and Plaintiff's access to the courts claim dismissed against Defendants Burt, Stephens, and Prince.

II.    **REPORT:**

       This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Sherry Burt, Robin Stephens, and Russell Prince.  (Docket no. 11).  Plaintiff filed a response.  (Docket no. 13).  This action has been referred for all pretrial purposes.  (Docket no. 12).  The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f).  Defendants' motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

A.    **Facts and Procedural History**

       This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Plaintiff is presently incarcerated at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan;

however the events giving rise to this action occurred while he was incarcerated at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. Defendants are SMT Warden Sherry Burt, Assistant Deputy Warden Robin Stephens, Librarian Louis Yonke, and Library Technician/Aide Russell Prince. Plaintiff's complaint raises claims of retaliation, denial of his right of access to the courts, and violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Docket nos. 1, 13). He sues Defendants in their individual and official capacities for monetary damages.

Plaintiff alleges that he was permitted seven hours and thirty minutes of law library time per week at SMT. He claims that he asked Defendants Yonke and Prince for an additional two to three hours of library access per week because he was involved in two pending lawsuits, but they denied his request. (Docket no. 1 at 6-7). He also contends that Defendants Yonke and Prince refused to make photocopies of documents he needed for his cases. Plaintiff alleges that Defendants' actions caused the courts to dismiss his two lawsuits, thereby denying him access to the courts. (Docket no. 1 at 8).

Plaintiff also alleges that Defendants retaliated against him for exercising his right to file grievances and lawsuits. Plaintiff contends that Defendants Yonke and Prince denied hm photocopies and law library time because of his administrative grievances and complaints against prison officials. He claims that Defendants Yonke and Prince discovered that Plaintiff was suing MDOC officials, told him that "the denials of photocopies and adequate law library time" was due to his lawsuits, and asked him if he really believed they would help Plaintiff sue their co-workers. (Docket no. 1 at 7, 9, 12). Plaintiff claims that Defendant Prince searched his legal writer's computer after Plaintiff filed a grievance against him, looking for something he could charge

2

Plaintiff with in order to have him terminated from the legal writers program.  (Docket no. 1 at 13).

He alleges that Defendant Prince discovered documents on his legal writer's computer and made a

claim that Plaintiff was doing personal legal work on the legal writer's computer.  Plaintiff claims

that Defendant Yonke then wrote a misconduct report against him and that he was terminated from

the legal writer's program.  (Docket no. 1 at 15, 18).  He claims that these actions were retaliatory.

Plaintiff alleges that Defendants subjected him to verbal harassment and intimidation because of his

litigation activity.  (Docket no. 1 at 8).  He also alleges that his transfer from SMT to ARF was

retaliatory, and claims that Defendants imposed double work assignment sanctions against him in

retaliation for filing lawsuits and grievances.  (Docket no. 1 at 8-9, 22).

Plaintiff contends that Defendant Burt signed his transfer order and did nothing to ensure

Plaintiff had access to the courts.  (Docket no. 1 at 9).  He alleges that his transfer from SMT to ARF

was retaliatory, he was denied good time credits, and he was subjected to work assignment

restrictions of eighty-two days as opposed to thirty days in retaliation for filing lawsuits and

grievances.  (Docket no. 1 at 8-9, 22).  He alleges that he sent several kites to the office of the

warden but did not receive a response, and he complained in writing to Defendant Burt and

Defendant Stephens about the restrictions and retaliation imposed upon him by Defendants Yonke

and Prince, but that the "wardens administration was moot."  (Docket no. 1 at 10, 12).  Plaintiff

contends that Defendant Stephens was the step one grievance respondent, and that she conducted

deficient investigations and denied his grievances without providing valid reasons for the denials.

(Docket no. 1 at 16-18, 24).  He claims that Defendants Burt and Stephens had no right to participate

in the grievance process because they were named in the grievances and their participation was

retaliatory and interfered with his right to access the Courts.  (Docket no. 1 at 17).  He further claims

that the fact that Defendant Stephens denied his grievances indicates that she participated in the retaliation because she "was in support of denials of law library time and legal photocopies." (Docket no. 1 at 21-22).

Finally, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him on work assignment restrictions for eighty-two days, fifty-two days beyond that which was permitted by policy, by denying him good time credits, and by recommending an increase in security level and then transferring him to a higher security level prison.  (Docket no. 1 at 22, 27).

**B.      Standard of Review**

Defendants Burt, Stephens, and Prince move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*

**C.      Analysis**

Defendants' Motion for Summary Judgment contends that Plaintiff's access to the courts claim should be dismissed because Plaintiff failed to establish that he suffered an actual injury as a result of their conduct.  The motion also seeks summary judgment on behalf of Defendants Burt and Stephens because Plaintiff has not alleged personal involvement of these Defendants.  As previously discussed, Plaintiff's complaint raises claims of retaliation, denial of his right of access

4

to the courts, and violation of his Eighth Amendment right to be free from cruel and unusual punishment. Since Defendants' motion does not address the retaliation and Eighth Amendment claims, the Court will construe the motion as a Motion for Partial Summary Judgment seeking dismissal of Plaintiff's access to the courts claim only.

**1.      Access to the Courts - Official Capacity Claims**

Plaintiff has sued each Defendant in their official capacity. The Eleventh Amendment bars suits for money damages against state employees sued in their official capacity. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004). To the extent Plaintiff seeks damages from Defendants Burt, Stephens, and Prince for violations that occurred while they were acting in their official capacity, those claims are barred by the Eleventh Amendment and should be dismissed from this lawsuit.

**2.      Access to the Courts - Individual Capacity Claims Against Defendants Burt and Stephens**

Defendants Burt and Stephens move to dismiss Plaintiff's access to the courts claim against them arguing that Plaintiff has not demonstrated that they were personally involved in the alleged unconstitutional actions. (Docket no. 11). Liability under 42 U.S.C. § 1983 cannot be premised solely upon a theory of respondeat superior or vicarious liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Rather, Plaintiff must show that Defendants Burt and Stephens were personally involved in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Id.* "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 Fed. App'x. 839, 841 (6th Cir.2003); *Shehee v. Luttrell*, 199 F.3d at 300.

5

Plaintiff alleges that Defendants Burt and Stephens participated in the grievance process when they should not have and failed to properly respond to his grievances in violation of his constitutional rights.  He also alleges that Defendant Burt did nothing to ensure that he had access to the courts.  As discussed above, § 1983 liability may not be premised upon the denial or handling of administrative grievances or the failure to remedy alleged constitutional violations.  *Shehee*, 199 F.3d at 300; *Irving v. Masker*, No. 07-CV-190, 2008 WL 2224262, at *2 (W.D. Mich. May 28, 2008) (a prisoner has no constitutional right in an effective grievance procedure).  Plaintiff has failed to allege facts or provide evidence to show that Defendants Burt and Stephens were personally involved in denying Plaintiff access to the courts.  Accordingly, Defendants Burt and Stephens are entitled to summary judgment on this claim.

**3.     Access to the Courts - Individual Capacity Claim Against Defendant Prince**

Prisoners have a fundamental right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The right is derived from the Due Process Clause of the Fourteenth Amendment and the First Amendment right to petition for redress of grievances.  *Knop v. Johnson*, 977 F.2d 996, 1002 (6th Cir.1992).  Under the Sixth Circuit standard, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999).  A prisoner's access to the courts must be adequate, effective and meaningful.  *Bounds v. Smith*, 430 U.S.. at 822.  Adequate, effective, and meaningful access requires that prison officials provide prisoners with adequate law libraries or assistance from individuals trained in the law.  *Bounds v. Smith* 430 U.S. at 828.

This standard should not be read to require prisons to provide inmates with unrestricted access to the law library on their own terms.  *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th

6

Cir.1987); *Thomas v. Rochell*, 47 Fed. App'x 315, 317 (6th Cir.2002) (citation omitted).  In fact, "there is no prescribed amount of library time that prisoners must be provided."  *Oswald v. Graves*, 819 F.Supp. 680, 683 (E.D. Mich. 1993) (citing *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir.1985)).  Instead, the relevant inquiry is whether the prisoner had access to the courts, not whether the prisoner had access to the prison law library.  *Walker v. Mintzes*, 771 F.2d at 932.  A prisoner asserting a denial of access to courts claim must allege that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  To meet this requirement a plaintiff must show that the actions of the prison official impeded the prisoner's efforts to pursue a legal claim.  *Oswald v. Graves*, 819 F.Supp. at 683.

Plaintiff identified two cases he claims were impacted by Defendant Prince's actions: 1) a writ of mandamus filed in the 30th Judicial Circuit Court in Lansing, Michigan, Case No. 09-503-AW; and (2) a civil rights action under 42 U.S.C. § 1983 filed in the United States District Court, Eastern District of Michigan, Case No. 08-14709.  (Docket no. 1 at 6).  Since an action for mandamus does not fall within one of the protected categories of actions enunciated in *Thaddeus-X*, Plaintiff's claim that he was denied access to the courts based on dismissal of his mandamus action has no merit.  *Compare Hawkins v. Norwood*, No. 10-CV-432, 2010 WL 3398793, at *16 (W.D. Mich. Aug. 25, 2010) (plaintiff's action for mandamus was not one of the limited types of actions protected under the right of access to the courts), *with Mikko v. Davis*, 342 F.Supp.2d 643, 646 (E.D. Mich. 2004) (declining to decide whether the *Thaddeus-X* standard applied to writ of mandamus). However, even if the Court considers Plaintiff's allegation related to the mandamus action, he fails to show actual injury.

Defendants submitted records related to Plaintiff's two pending lawsuits.  The mandamus

action was filed against the Ingham County Prosecutor and Assistant Ingham County Prosecutor. (Docket no. 11, ex. B). Plaintiff was given until July 9, 2009 to serve the defendants with a copy of his writ. (Docket no. 11, ex. C). On July 15, 2009 Plaintiff filed a motion with attached exhibits to show that he served the defendants. (Docket no. 11, ex. C). On July 29, 2009 the court dismissed the case without prejudice because Plaintiff's proof of service failed to comply with court rules. (Docket no. 11, ex. C). Plaintiff then filed a motion to set aside the dismissal, claiming that he inadvertently and carelessly filed the wrong proof of service with the court. (Docket no. 11, ex. D). The Court denied that motion on September 3, 2009 because Plaintiff still had not shown that a copy of the writ of mandamus was served on defendants. (Docket no. 11, ex. E). The record does not support Plaintiff's contention that the writ of mandamus was dismissed because he was denied law library time and photocopies. Plaintiff's claim against Defendant Prince related to the writ of mandamus is without merit.

Plaintiff's second case was filed in the Eastern District of Michigan on November 6, 2008 while Plaintiff was incarcerated at the Ryan Road Correctional Facility in Detroit, Michigan. (Docket no. 11, ex. F; Case No. 08-14709). By the time Plaintiff was transferred to Parnall Correctional Facility, he had filed responses to a pending motion to dismiss and motion for summary judgment along with several motions for extension of time. (Docket no. 11, ex. F at dkt 18, 19, 23, 25, 26, 27, 28, 29, 31, 33). A Report and Recommendation was entered on August 7, 2009. (Docket no. 11, ex. F at dkt 40). Instead of filing objections to the Report and Recommendation, Plaintiff filed a motion for leave to file an amended complaint. (Docket no. 11, ex. F at dkt 43). On September 21, 2009 the court dismissed Plaintiff's case. (Docket no. 11, ex. F at dkt 44, 45). Thereafter Plaintiff filed a motion for enlargement of time to file a response to the Report and

Recommendation.  (Docket no. 11, ex. F at dkt 46).  He also file objections to the Report and Recommendation.  (Docket no. 11, ex F at 48).  The court gave careful consideration to Plaintiff's objections despite the fact that they were untimely.  (Case No. 08-14709 at dkt 49).[1]  Plaintiff's objections were denied.  (Docket no. 11, ex. F at dkt 49).  Plaintiff then filed a motion for relief from judgment which was also denied.  (Docket no. 11, ex. F at dkt 50, 52).  On October 22, 2009 Plaintiff filed a notice of appeal.  (Docket no. 11, ex. F at 53).

MDOC Policy Directive 05.03.115(N) provides that "each general population prisoner shall be permitted at least six hours per week of law library use, in sessions of not less than two hours each." (Docket no. 11, ex. A).  Plaintiff states that he was scheduled for seven hours and thirty minutes of law library use per week, scheduled in three sessions lasting two hours and thirty minutes each.  (Docket no. 1, ¶16).  The record shows that Plaintiff actively filed motions with supporting exhibits in both of his pending lawsuits, even after he claims the alleged harassment began in the instant case.  In both cases, the courts considered Plaintiff's motions.  Plaintiff has not demonstrated that he suffered actual injury as a result of Defendant Prince's actions.  Accordingly, Defendant Prince is entitled to dismissal of Plaintiff's access to the courts claim.

## III.  **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

---

[1]The Court may take judicial notice of other actions plaintiff has filed in this court. *United States v. Doss*, 563 F.2d 265, 269 (6th Cir.1977); *George v. Elnabtity*, No. 09-CV-323, 2010 WL 3398754, at *5 (W.D. Mich. July 19, 2010).

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: May 16, 2011          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Stephen

Hall and Counsel of Record on this date.


Dated: May 16, 2011          s/ Lisa C. Bartlett
                             Case Manager

10